UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BARRY STEVEN GAHAGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-00074-SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is self-represented Barry Steven Gahagan's prisoner civil rights complaint, filed pursuant to 42 U.S.C. § 1983 against the United States of America. The Court has reviewed the complaint as required by 28 U.S.C. § 1915A and will dismiss this action for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). As such, Plaintiff's motion for appointment of counsel will be denied as moot. [ECF No. 2].

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915A, the Court is required to review a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The term "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." 28 U.S.C. § 1915A(c). Pursuant to this section, the Court must dismiss a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief can be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Here, plaintiff is a convicted state prisoner who is suing the United State of America. Therefore, his complaint is subject to 28 U.S.C. § 1915A screening.

To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse

mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff is a self-represented litigant who is currently incarcerated at Southeast Correctional Center (SECC) in Charleston, Missouri. Based on an independent review of Plaintiff's state court proceedings on Missouri Case.net, the State of Missouri's online docketing system, Plaintiff was charged with two counts of first-degree assault, one count of first-degree burglary, and one count of making a terroristic threat on December 11, 2015. *State v. Gahagan,* 15LW-CR01492-01 (Lawrence County Circuit Court). On January 26, 2017, Plaintiff entered an *Alford* guilty plea to one count of first-degree assault, a Class B felony, in exchange for the dismissal of the other three charges. *Id*. He received five years' probation backed up by a potential fifteen-year sentence. *Id*. Plaintiff's probation was revoked in 2018, and he was sentenced to fifteen years in the Missouri Department of Corrections. *Id*.

On June 20, 2023, Plaintiff filed a petition for Writ of Habeas Corpus in the U.S. District Court in the Western District of Missouri. *Barry Gahagan v. Bill Stange,* 3:23-cv-05044-MDH. The Western District denied Plaintiff's petition and denied a certificate of appealability. *Id*.

## Complaint

Plaintiff brings this civil rights action under 42 U.S.C. § 1983 and § 1985, alleging violations of his due process rights under the Fourteenth Amendment and conspiracy to interfere with his civil rights. ECF No. 1 at 3. His primary argument is against his probation being revoked in 2018. Plaintiff argues that his probation violations should have been dropped because the first probation violation did not result in new criminal charges and the second violation was for failure to pay room and board at the county jail. *Id*. at 7. Plaintiff also claims the Western

3

District erred in the denial of his habeas petition. *Id*. Plaintiff accuses the judges involved in his case of "dishonesty, felony perjury, and conspiracy to interfere with civil rights." *Id*. He complains that the Supreme Court would not take the case on certiorari. *Id.* Plaintiff believes that if this case "slips by 13 federal judges this isn't an accident by negligence it's conspiracy to interfere with civil rights." *Id*.

Plaintiff claims the violations to his Fourteenth Amendment rights causes him financial and emotional injuries. For relief, Plaintiff requests to have his prison sentence vacated, his criminal convictions expunged (even those unrelated to this case), an army enlistment with airborne jump school, and $13.4 million. *Id*. at 5, 6.

## Discussion

Based on a careful review and liberal construction of the filings before the Court, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### A. *Heck* bar

Plaintiff's complaint raises a claim of selective, or malicious, probation revocation prosecution. In this case, however, a judgment in Plaintiff's favor would bring into question the validity of the decision revoking Plaintiff's probation. Unless and until Plaintiff has the decision to revoke his probation overturned in an appropriate proceeding, the instant § 1983 action seeking damages for plaintiff's supposedly illegal confinement/conviction appears prohibited by *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Newby v. Johnson*, 758 F.3d 1008, 1009-10 (8th Cir. 2014), a criminal defendant sued his parole officer under § 1983 for falsely reporting that the defendant failed to report to his parole officer. The district court addressed whether this § 1983 claim was cognizable in light of *Heck v. Humphrey*. The district court dismissed the action for failure to state a claim, concluding

4

"the Supreme Court's and Eighth Circuit's precedents relating to the intersection of habeas relief and section 1983 relief foreclose [plaintiff] from challenging the asserted deprivation of his constitutional rights." *Id*. at 1011. The district court ruled that if the § 1983 plaintiff were to prevail, the judgment would necessarily imply the invalidity of the parole revocation and incarceration, so his claim was not cognizable under § 1983. The Eighth Circuit upheld the decision and agreed with the Third Circuit's interpretation of "*Heck* to impose a universal favorable termination requirement on all § 1983 plaintiffs attacking the validity of their conviction or sentence." *Id*. at 1011-12. *See also Flying Horse v. Hansen*, 691 Fed. Appx. 299, 300 (8th Cir. 2017) (*Heck* bar applied to plaintiff's claim for damages after revocation of parole, because "a judgment in his favor would render the parole revocation invalid").

Simply put, a plaintiff in a § 1983 suit may not question the validity of the confinement resulting from a parole or probation revocation hearing if he does not allege that the parole board's decision has been reversed, expunged, set aside or called into question by a writ of habeas corpus. *Heck*, 512 U.S. at 486-87; *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). If Plaintiff was granted relief on his claims, the validity of his conviction would necessarily be called into question. As such, these claims are *Heck*-barred and subject to dismissal.

## B.  Absolute Immunity for Judges

Although Plaintiff has not named the judge of his habeas case, District Judge M. Douglas Harpool, or the judge of his criminal case, Robert E. George, as defendants in this action, each allegation in the complaint states how one of these judges has allegedly wronged Plaintiff. Judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete

absence of all jurisdiction.'" *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)). A judge acts in his judicial capacity when he exercises control over his courtroom. *See Sheppard v. Maxwell*, 384 U.S. 333, 358 (1966) ("the courtroom and courthouse premises are subject to the control of the court"). Plaintiff's allegations do not show that the judges acted outside of their jurisdiction, and the judges are entitled to absolute immunity.

### C. Immediate Release Unavailable

To the extent that Plaintiff seeks immediate release, the Court notes that he cannot seek such relief through this type of civil action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). *See also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (explaining that Supreme Court "has held that a prisoner in state custody cannot use a [42 U.S.C.] § 1983 action to challenge the fact or duration of his confinement"); *Adams v. Agniel*, 405 F.3d 643, 644-45 (8th Cir. 2005) (explaining that a habeas action is the proper vehicle for a prisoner to challenge the legality of his sentence or seek immediate or speedier release); and *Otey v. Hopkins*, 5 F.3d 1125, 1130 (8th Cir. 1993) (stating that when "a prisoner directly attacks the validity of his sentence, the proper vehicle is a habeas corpus action").

### D. FTCA Claim

Plaintiff devotes a section of his complaint discussing how the Federal Tort Claims Act (FTCA) applies to his case. The Court has therefore reviewed his complaint to ascertain whether he has a viable claim under the FTCA.

"Generally, sovereign immunity prevents the United States from being sued without its consent." *Iverson v. United States*, 973 F.3d 843, 846 (8th Cir. 2020). To sue the United States, a plaintiff must show a waiver of sovereign immunity. *See V S Ltd. Partnership v. Dep't of Housing and Urban Development*, 235 F.3d 1109, 1112 (8th Cir. 2000). *See also Great Rivers Habitat Alliance v. Federal Emergency Management Agency*, 615 F.3d 985, 988 (8th Cir. 2010) (explaining that the United States and its agencies enjoy "immunity from suit, absent a waiver"). Such a waiver must be "unequivocally expressed" and "cannot be implied." *See United States v. King*, 395 U.S. 1, 4 (1969). *See also College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 682 (1999) (stating that "in the context of federal sovereign immunity…it is well established that waivers are not implied").

The FTCA "waives federal sovereign immunity for injuries caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable." *Newcombe v. United States*, 933 F.3d 915, 917 (8th Cir. 2019). In other words, the FTCA acts as a limited waiver of sovereign immunity, which opens the door to state-law liability claims against the federal government for harm caused by a governmental employee. *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019). The United States only waives sovereign immunity in the limited circumstances where local law would make a "private person" liable in tort. *United States v. Olson*, 546 U.S. 43, 44 (2005).

Any claim under the FTCA would be subject to dismissal for three reasons. First, Plaintiff alleges false arrest which falls under the intentional torts exception to the FTCA's waiver of sovereign immunity. *See* 28 U.S.C. § 2680(h) (providing that the FTCA's waiver of the sovereign immunity of the United States does not apply to "[a]ny claim arising out of assault,

battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights").

Second, Plaintiff does not appear to have exhausted his administrative remedies. Under the FTCA, an action shall not be instituted against the United States "unless the claimant shall have first presented his claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." *See* 28 U.S.C. § 2675(a). Complete exhaustion of administrative remedies is required before the judicial process is invoked. *McNeil*, 508 U.S. at 112.

Exhaustion of administrative remedies is a jurisdictional prerequisite. *Porter v. Fox*, 99 F.3d 271, 274 (8th Cir. 1996). That is, before bringing an action against the United States, a claimant must present his or her claim to the appropriate federal agency, and the agency must make a final decision. *Bohac v. Walsh*, 386 F.3d 859, 861 (8th Cir. 2004). Failure to comply with the exhaustion requirement will result in the dismissal of the suit for lack of subject-matter jurisdiction. *See Mader v. United States*, 654 F.3d 794, 808 (8th Cir. 2011) (concluding "that conformity with § 2675(a) is a jurisdictional term of the FTCA's limited waiver of sovereign immunity"). *See also Allen v. United States*, 590 F.3d 541, 544 (8th Cir. 2009) (stating that "[a] federal district court does not have jurisdiction over an FTCA claim unless it was first presented to the appropriate federal agency"). Here, Plaintiff has presented no indication that he has exhausted his administrative remedies by first presenting his claim to the appropriate federal agency.

Finally, Plaintiff has failed to state a claim under the FTCA. "A pleading must offer more than labels and conclusions or a formulaic recitation of the elements of a cause of action to state a plausible claim for relief." *Johnson v. Precythe*, 901 F.3d 973, 977 (8th Cir. 2018). Plaintiff has

8

made no attempt to even approach the level of plausibility. His complaint suggests there must exist a conspiracy to deprive him of his civil rights because he received adverse judicial rulings from two judges that resulted in a "false arrest." ECF No. 1 at 7. This is not sufficient to state a claim. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("While the court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"); and *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do").

For all these reasons, the Court finds that Plaintiff's claims are legally frivolous and will be dismissed pursuant to § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered with this Memorandum and Order.

**IT IS HEREBY CERTIFIED** that an appeal from this order of dismissal would not be taken in good faith.

Dated this 9th day of July, 2025.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

9